UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZINA D. HUNTER<br>2456 Elvans Road, S.E.<br>Washington, DC 20020,<br><br>      **Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA**<br>1350 Pennsylvania Avenue, N.W.<br>Washington, DC 20004,<br><br>      **Defendant.** | Civil Action No. 1:08-cv-256-RBW |

**PLAINTIFF'S RESPONSE TO DEFENDANT DISTRICT
OF COLUMBIA'S CONSENT MOTION TO ENLARGE THE
TIME FOR IT TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT**

Plaintiff Zina D. Hunter, by and through her undersigned counsel, respectfully submits this Response to Defendant District of Columbia's Consent Motion to Enlarge the Time for it to File a Response to Plaintiff's Complaint (the "Motion"), and states as follows:

1. On March 6, 2008, Dana E. Foster, counsel for Plaintiff, consulted with Zuberi B. Williams, counsel for Defendant, regarding an enlargement of time for Defendant to respond to the Complaint. Mr. Foster agreed to Mr. Williams's suggestion of a 30-day extension of time, and to Mr. Williams filing a consent motion evincing that agreement.

2. Instead of filing such a motion, Defendant filed a document in which Defendant mischaracterizes the Complaint's allegations, thereby forcing Plaintiff to respond.

3. First, there are no documents attached to the Complaint which show Plaintiff's claims are currently being adjudicated by the Office of Human Rights ("OHR"). Mot. ¶ 3. The Second Letter of Determination After Reopening (the "Letter of Determination") simply states that OHR correctly found probable cause to believe that the D.C. Department of Youth

Rehabilitation Services ("DYRS") subjected Plaintiff to a hostile work environment and retaliation based on her sex. *See* Complaint, Ex. 1 at 20 (D.E. 1).

4. Second, nowhere in the Letter of Determination does it state that "the District" was ordered to respond. Mot. ¶ 3. Instead, Respondent DYRS was "requested" to notify OHR if it wished to pursue conciliation. *See* Complaint, Ex. 1 at 20 (D.E. 1). Defendant's assertions regarding any such response to this request by the District do not appear in that document or any other document before this Court.

5. Finally, the Plaintiff's claims in the Complaint are not "the same" as those reviewed in the Letter of Determination. Mot. ¶ 3 n.1. The Complaint contains two counts brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. *See* Complaint ¶¶ 46-56, 63-70 (D.E. 1). No such claims were before OHR. Moreover, Plaintiff alleges that she was fired in retaliation for her sexual harassment complaints. *Id.* ¶¶ 35-38. OHR did not review this retaliation claim in the Letter of Determination. *Id.* at Ex. 1.

WHEREAS, with the above corrections to the record, Plaintiff does not oppose the Court's entry of the Proposed Order that was attached to the Motion.

Dated: March 7, 2008

Respectfully submitted,

WHITE & CASE LLP

Dana E. Foster (D.C. Bar No. 489007)
Christopher Macchiaroli (D.C. Bar No. 491825)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel.: (202) 626-3600
Fax: (202) 639-9355

*Counsel for Plaintiff Zina D. Hunter*

2

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2008, a copy of the foregoing "PLAINTIFF'S RESPONSE TO DEFENDANT DISTRICT OF COLUMBIA'S CONSENT MOTION TO ENLARGE THE TIME FOR IT TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT" was served upon the following party via the Electronic Case Filing ("ECF") system:

>Zuberi B. Williams, Esq.
>Assistant Attorney General
>Office of the Attorney General
>441 Fourth Street, N.W.; Suite 6N013
>Washington, D.C. 20001
>*Counsel for Defendant District of Columbia*

/s/ Dana E. Foster