**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZINA D. HUNTER,

Plaintiff,

v.

DISTRICT OF COLUMBIA,

Defendant.

2008-CA-000265
Judge: Reggie B. Walton

**DISTRICT OF COLUMBIA'S MOTION TO DISMISS COUNTS II AND IV OF PLAINTIFF'S COMPLAINT**

Defendant, District of Columbia (hereinafter "the District"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves that this Honorable Court dismiss Counts II and IV of plaintiff's Complaint related to his claims filed pursuant to the District of Columbia Human Rights Act ("DCHRA"). As grounds thereof, the District states that plaintiff failed to comply with D.C. Official Code § 12-309 (hereinafter "§ 12-309"), and has failed to fully exhaust her administrative remedies prior to file her claim under the DCHRA.

Accordingly, dismissal is appropriate against the District. A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Eric S. Glover
ERIC S. GLOVER [978841]
ZUBERI WILLIAMS[1]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

**LCvR 7(m) CERTIFICATION**

I hereby certify that on April 7, 2008, I attempted contacted plaintiff's counsel via telephone to obtain his consent to the relief sought in this motion. However, I was unable to reach him to discuss this motion.

/s/ Eric S. Glover
Eric S. Glover
Assistant Attorney General, D.C

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ZINA D. HUNTER,

Plaintiff,

v.

DISTRICT OF COLUMBIA,

Defendant.

2008-CA-000265
Judge: Reggie B. Walton

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING DEFENDANTS' MOTION TO DISMISS COUNTS II AND IV OF PLAINTIFF'S COMPLAINT**

In support of its motion to dismiss, the District states as follows:

**PRELIMINARY STATEMENT**

This case concerns plaintiff Zina Hunter's allegations that she was the victim of sexual harassment and retaliation by her supervisors during her employment with the District of Columbia Department of Youth Rehabilitation Services ("DYRS"). *See* Complaint generally. On or about February 15, 2008, plaintiff filed a complaint against the District alleging violations of Title VII of the Civil Rights Act and the District of Columbia Human Rights Act ("DCHRA"). Specifically, plaintiff claims that she was subjected to a hostile work environment (Counts I and II) and retaliated against for reporting sexual harassment (Counts III and IV). *See* Complaint generally.

As set forth below, the District is entitled to dismissal of Counts II and IV of plaintiff's Complaint because she has failed to exhaust her administrative remedies and failed to comply with D.C. Official Code § 12-309.

## STANDARD OF REVIEW

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States*, 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

## ARGUMENT

### I. The Plaintiff Failed To Comply with D.C. Official Code § 12-309 And May Not Maintain His Claim under the D.C. Human Rights Act.

The Court should dismiss the plaintiff's DCHRA claims as the plaintiff has failed to file a notice of claim, pursuant D.C. Official Code § 12-309. Section 12-309 provides in pertinent part that:

> [a]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, is agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

The requirement for compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. In *District of Columbia v. Dunmore*, the D.C. Court of Appeals held that § 12-309 must be construed narrowly against claimants, writing:

> Section 12-309 is not, and does not function as, a statute of limitations. Rather, it imposes a notice requirement on everyone with a tort claim against the District of Columbia, and *compliance with its terms is "mandatory as a prerequisite to filing suit against the District*." [citations omitted]

662 A.2d 1356, 1359 (D.C. 1995) (emphasis added).

In *Kennedy v. D.C.*, 519 F. Supp. 2d 50, 57(D.D.C. 2007), the District moved for summary judgment against the plaintiff, arguing, amongst other things, that the plaintiff's claim under the DCHRA was barred due to plaintiff's failure to comply with the mandatory notice provisions of § 12-309. The court agreed with the District and held that the plaintiff failed to comply with § 12-309's notice provisions and dismissed the plaintiff's DCHRA claim. *Id* at 58-59.

In this case, the plaintiff has not satisfied the notice provisions of § 12-309. To date, the plaintiff has not sent, and the District has not received, any notice to the Mayor putting the City on notice of her potential claims against the District. *See* Affidavit by Mia Lilley Powell, attached hereto as Exhibit A. Since the plaintiff did not provide proper notice in compliance with § 12-309, her DCHRA claim against the District must be dismissed as a matter of law.

## II. <u>The Plaintiff Has Failed to Exhaust All of Her Administrative Remedies.</u>

The Court should dismiss Count II and IV of plaintiff's complaint under the D.C. Human Rights Act because she has failed to exhaust her administrative remedies. It is well settled that a District of Columbia (the "District") employee pursuing a cause of action under DCHRA must exhaust the available administrative remedies. *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 34

(D.D.C. 2006), *see also Kennedy v. District of Columbia*, 654 A.2d 847, 863 (D.C. 1995). Plaintiff chose to file a charge of discrimination with both the EEOC and the Office of Human Rights.

In this case, plaintiff has attached to her complaint documents which show that her claims of sexual harassment are currently being adjudicated by the Office of Human Rights ("OHR").[2] Specifically, attached to plaintiff's Complaint, as Exhibit 1, is a document entitled "Second Letter of Determination After Reopening," dated January 28, 2008, (the "Letter/Order"). The Letter states that OHR found probable cause and directed the District to respond to OHR within fifteen (15) days in order to continue with the process to pursue conciliation. *Id*. The District responded and requested conciliation of the matter and a date was set for the conciliation hearing. The initial conciliation hearing was cancelled and a new hearing has yet to be scheduled. Based on information and belief, OHR did not issue an "Exit Letter," "Notice of Right to Sue," or any other official document authorizing plaintiff to bring a lawsuit in this matter. Furthermore, the parties are still engaging in the conciliation proceeding before OHR. Since plaintiff chose to file with OHR and that action remains pending, the filing of plaintiff's claim under the D.C. Human Rights act is premature, and dismissal is appropriate.

WHEREFORE, the Court should dismiss Counts II and IV of plaintiff's Complaint.

Respectfully submitted,

PETER J. NICKELS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

Patricia A. Jones____________________________

[2] In the complaint that she filed with OHR, the plaintiff alleged the same claims as she did in the Complaint that is before the Court. S*ee* Letter/Order, at 1, 3 – 4, 6 - 9 and 11 – 12.

PATRICIA A. JONES
Chief, General Litigation Section IV

/s/Eric S. Glover____________________________
ERIC S. GLOVER [978841]
ZUBERI BAKARI WILLIAMS[3]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W.; Suite 6N013
Washington, D.C. 20001
Office: (202) 442-9754; (202) 724-6650; (202) 727-6295
Facsimile: (202) 727-3625
Email: Zuberi.Williams@dc.gov; Eric.Glover@dc.gov

[3] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals, and LCvR 83.2.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZINA D. HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>Defendant. | 2008-CA-000265<br>Judge: Reggie B. Walton |

**O R D E R**

Upon consideration of the defendant District of Columbia's Motion to Dismiss Counts II and IV of Plaintiff's Complaint, plaintiff's response thereto, if any, and the record herein, it is by the Court this _____ day of ________________, 2008,

ORDERED: that the Motion is GRANTED for the reasons set forth in the defendant's motion; and it is

FURTHER ORDERED: that Count II and IV of plaintiff's Complaint are DISMISSED against the defendant District of Columbia.

_______________________________________
JUDGE, United States District Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ZINA D. HUNTER** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No: 08-00256** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **District of Columbia** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**AFFIDAVIT OF MIA POWELL LILEY**

**I, MIA POWELL LILEY , being duly sworn, states that the following is true to the best of my knowledge, information and belief:**

**1. I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.**

**2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.**

3. Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that the Tort Liability Division of the District of Columbia Office of Risk Management, has received no claim notice from Zina D. Hunter that referred to claims described in the complaint in Civil Action No. 08-0256 Description of complaint: DYRS employee allegedly sexually harassed, retaliated against and terminated.

MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY , whose name is signed to the foregoing affidavit, bearing the date of the 5 day of March, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 5 day of March, 2008.

NOTARY PUBLIC

My Commission Expires: SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010