**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZINA D. HUNTER, | |
| Plaintiff, | 2008-CA-000265 |
| v. | Judge: Reggie B. Walton |
| DISTRICT OF COLUMBIA, | |
| Defendant. | |

## **DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant District of Columbia (hereinafter "the District"), by and through counsel, responds to the Complaint, as follows:

### **FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

In response to the specifically numbered paragraphs set forth in the Complaint, the defendant responds in like-numbered paragraphs as follows:

The Nature of this Action

1. The averment in paragraph 1 is the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

Jurisdiction and Venue

2.-3. The averments are the legal conclusions of the pleader to which no response is required.

The Parties

4. The District is without sufficient information to either admit or deny the allegations set forth in paragraph 4 of the Complaint. To the extent a response is required, the District denies the allegations.

5. The District admits that it is a municipality, the Mayor's Office is located at 1350 Pennsylvania Avenue, N.W., and the District of Columbia Department of Youth Rehabilitation Services is an agency within the District of Columbia government. Further answering, the remaining averment is the legal conclusion of the pleader to which no response is required.

Administrative Proceedings

6. The allegations in paragraph 6 are legal conclusions to which no response is required.

7. Based on information and belief, the plaintiff filed two complaints with the District of Columbia of Human Rights. The remaining allegations are legal conclusions to which no response is required. Further answering, the referenced documents speak for themselves.

8. Based on information and belief, the plaintiff filed a charge with the United Stated Equal Employment Opportunity Commission. Further answering, this defendant admits that plaintiff has attached two notice of suit rights dated November 19, 2007, purportedly issued by the EEOC.

9. T he allegations in paragraph 9 are legal conclusions to which no response is required.

10.-11.`The District admits the allegations in paragraphs 10 and 11.

12. The District admits that as of December, 2002, the plaintiff was employed as a corrections officer with the District of Columbia. The District is without sufficient information at this time to either admit or deny the allegations set forth in paragraph 12.

13.-14  The District is without sufficient information at this time to either admit or deny the allegations set forth in paragraphs 13 and 14 of the Complaint.

15.     The District denies the allegations in paragraph 15.

**I.     CHAPLAIN COLE'S REPEATED SEXUAL HARASSMENT**

16.-19. The District lacks sufficient information to either admit or deny the allegations in paragraphs 16 through 19 of the Complaint.  To the extent a response is required, the District denies the allegations.

20.     The District denies the allegations in paragraph 20.

21.-23. The District lacks sufficient information to either admit or deny the allegations in paragraphs 21 through 23 of the Complaint.  To the extent a response is required, the District denies the allegations.

24.     The allegations in paragraph 24 of the Complaint are the conclusions of the pleader to which no response is required.  Further answering, the non-disclosure of the requested information is protected by statute.  See D.C. Official Code Section 1-631.01, 1-631.03.

25.     The District lacks sufficient information to either admit or deny the allegations in paragraph 25 of the Complaint.  To the extent a response is required, the District denies the allegations.

**II.    LAVERN EVANS' REPEATED SEXUAL HARASSMENT AND THREATS**

26.     The District admits that Mr. Evans is employed with the Department of Youth and Rehabilitative Services and that his title is Correctional Program Officer.  Further answering Mr. Evans was an SCO at Oak Hill and served as Acting Superintendent.  The District denies the remaining allegations in paragraph 26.

27.-29. The District lacks sufficient information to either admit or deny the allegations in paragraphs 27 through 29 of the Complaint. To the extent a response is required, the District denies the allegations.

### III.    DYRS MANAGEMENT RETALIATION AGAINST HUNTER

30.    The District denies the allegations in paragraph 30.

   **A.    Hunter was Not Retaliated Against While at Oak Hill**

31.    The allegations in paragraph 31 are the conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the allegations.

32.    The District admits that plaintiff was never assigned to the Shift Commander position at Oak Hill. The remaining allegations in paragraph 32 are the conclusions of the pleader to which no response is required.

33.    The District admits that the plaintiff was transferred to the "At Risk" Unit. The remaining allegations are the legal conclusions of the pleader to which no response is required. To the extent a response is required, the District denies the remaining allegations in paragraph 33.

34.    The District admits the allegations in paragraph 34.

   **B.    Hunter Was Not Ultimately Fired in Retaliation for her Complaints**

35.    The District lacks sufficient information to either admit or deny the allegations in paragraph 35 of the Complaint. To the extent a response is required, the District denies the allegations.

36.    The District admits the allegations in paragraph 36.

37.    The allegations in paragraph 37 of the Complaint are the conclusions of the pleader to which no response is required.

38.     The allegations in paragraph 38 are the legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

**IV.    THE ABSENCE OF A SEXUAL HARASSMENT POLICY AT OAK HILL**

39.     The allegations in paragraph 39 are the legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

40.-43. The District lacks sufficient knowledge at this time to either admit or deny the allegations in paragraphs 40 through 43. To the extent a response is required, the District denies the allegations.

44.     The District denies the allegations. The District submits that prior to Establishment Act of 2005, the Department of Youth and Rehabilitative Services did not exist. Prior to 2005, the agency that is now known as the Department of Youth and Rehabilitative Services was under the D.C. Department of Human Services and Youth Services Administration. The District further submits that the Department of Human Services and the Youth Services Administrations had sexual harassment policies in place prior to 2005

45.     The District denies the allegations in paragraph 45. The plaintiff was protected by the sexually harassment polices of the Department of Human Services, Youth Services Administration, and the sexual harassment policy created by the Mayor's Order of October 20, 2004.

**Count I (Hostile Work Environment Sexual Harassment)**
**Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e,** *et seq***.**

46.     In response to paragraph 46, the District incorporates its answer to paragraphs 1- 45, as stated above and as if fully set forth herein.

47.-49. The allegations set forth in paragraph 47 through 49 of the Complaint are the legal conclusions of the pleader to which no response is required.

50.-56. The District denies the allegations in paragraph 50 through 56.

### Count II (Hostile Work Environment Sexual Harassment)
### Violation of the District of Columbia Human Rights Act
### D.C. Code §§ 2-140.01, *et seq.*

57. In response to paragraph 57, the District incorporates its answer to paragraphs 1- 56, as stated above and as if fully set forth herein.

58.-62 The allegations set forth in paragraphs 58 through 62 of the Complaint are the subject of the District's motion to dismiss, or in the alternative motion for summary judgment. Therefore, no response is required to these allegations.

### Count III (Retaliation)
### Violation of the Title VII of the Civil Rights Act of 1964
### D.C. Code § 2000e-3

63. In response to paragraph 63, the District incorporates its answer to paragraphs 1- 62, as stated above and as if fully set forth herein.

64. The allegations set forth in paragraph 64 of the Complaint are the legal conclusions of the pleader to which no response is required.

65.-70. The District denies the allegations set forth in paragraphs 65 through 70 of the Complaint.

### Count IV (Retaliation)
### Violation of the District of Columbia Human Rights Act
### D.C. Code §§ 2-140.01, *et seq.*

71. In response to paragraph 71, the District incorporates its answer to paragraphs 1- 70, as stated above and as if fully set forth herein.

72.-73. The allegations set forth in paragraph 72 of the Complaint are the subject of the District's Motion to Dismiss and/or Motion for Summary Judgment. Therefore, no response is required by the District.

Further answering, the District denies any and all allegations not specifically denied or otherwise responded to.

### Third Defense

The District did not terminate and/or retaliate against plaintiff because of any sexual harassment complaints she allegedly made.

### Fourth Defense

The District had a legitimate business reasons for terminating plaintiff.

### Fifth Defense

The District cannot be held liable for the constitutional misconduct of its employees unless it had prior notice and failed to take corrective action to prevent plaintiff's alleged injuries.

### Sixth Defense

The District and its agents, servants, and/or employees acting within the course and scope of their employment, performed their obligations, if any, toward plaintiff in accord with all applicable statutory, regulatory, constitutional, and common law requirements.

### Seventh Defense

Plaintiff's claim may be barred by doctrine of latches or the applicable statute of limitations.

### Eighth Defense

Plaintiff might have failed to comply with the mandatory notice requirement of D.C. Official Code § 12-309 (2001 ed.).

### Ninth Defense

Plaintiff may have failed to exhaust all administrative remedies prior to filing suit against the District.

The District intend to rely upon the defenses properly available from the evidence that arises from discovery, from testimony at trial, or from other sources. The District expressly reserves its right to assert or amend such defenses as the facts become known.

### Set-Off

The District asserts a set-off for all funds and services provided to the plaintiff, through Medicare, Medicaid, public sources and/or other sources.

### Request and Demand for Jury Trial

The District requests a jury trial in this matter.

WHEREFORE, the District prays that the Court will dismiss the Complaint and award it the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Eric S. Glover
ERIC S. GLOVER [978815]
ZUBERI WILLIAMS[1]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6650; (202) 724-6295

---

[1] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.