UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZINA D. HUNTER,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA,

    Defendant.

2008-CA-000256
Judge: Reggie B. Walton

**DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ITS MOTION TO DISMISS**

Defendant, District of Columbia (hereinafter "the District"), by and through undersigned counsel, herein submits its Reply to plaintiff's memorandum in opposition to the District's motion to dismiss, and states as follows.

**I.   THE DISTRICT WITHDRAWS ITS ARGUMENT THAT PLAINTIFF HAS FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES.**

When the District filed its motion to dismiss, Plaintiff had not exhausted her administrative remedies. However, since the filing of the District's motion, it has received a copy of an Order from the Office of Human Rights terminating its consideration of the Plaintiff's claims. See Exhibit 1, attached to Plaintiff's Memorandum in Opposition to Defendant District of Columbia's Motion to Dismiss. Therefore, the District withdraws its argument that Plaintiff has failed to exhaust her administrative remedies.

**II.  PLAINTIFF FAILED TO COMPLY WITH THE PROVISIONS OF D.C. OFFICIAL CODE § 12- 309.**

In opposition to the District's argument that Plaintiff failed to comply with the mandatory notice requirements of D.C. Official Code § 12-309, Plaintiff argues that: (1) section 12-309

1

does not apply to claims filed under the D.C. Human Rights Act (hereafter "DCHRA"), (2) the notice requirement is inapplicable to claims for liquidated damages, (3) she complied with the statute by providing the District actual notice, and (4) the District has waived its right to notice. *Id.* However, as demonstrated below, Plaintiff's claim lacks merit.

      A.      **Section 12-309's Notice Provisions Applies to DCHRA Claims**

In support of her argument that § 12-309 does not apply to DCHRA claims, Plaintiff relies upon the D.C. Court of Appeals decision in *District of Columbia v. Campbell*, 580 A.2d 1295 (D.C. 1990). However, the *Campbell* Court primarily dealt with the issue of whether § 12-309 applied to a claim of breach of contract. *Id.* at 1301. The Court never addressed the issue of whether section 12-309 was applicable to DCHRA claims. However, contrary to Plaintiff's arguments that § 12-309 was not intended to apply to DCHRA claims, several courts in this jurisdiction have held that the notice provisions of § 12-309 are applicable to DCHRA claims.

In *Kennedy v. District of Columbia Government*, 519 F. Supp. 2d 50 (D.D.C. 2007), the Plaintiff, an employee of the Metropolitan Police Department, filed suit against the District, alleging that she was discriminated against on the basis of race in violation of 42 U.S.C. § 1981 and the DCHRA when she was not promoted. The Court held that:

> [b]ecause one of the chief purposes of § 12-309 is to provide timely notice of "unliquidated damages" claims against the District and because such damages are authorized under the DCHRA, it is appropriate to subject DCHRA claims to the demands of § 12-309. *Id.* at 57.[1]

---

[1] *See, also*, *McFarlane v. New Leaders for New Schools*, No. 2004 CA 008506, at 14 (D.C. Super. Ct. Nov. 10, 2005) (granting summary judgment for the defendant on the plaintiff's DCHRA claim based upon the plaintiff's failure to comply with section 12-309); *Descutner v. District of Columbia*, No. 2004 CA 007214, at 5 (D.C. Super. Ct. Mar. 1, 2005) (granting the defendant's motion to dismiss the plaintiff's DCHRA claim for failure to comply with section 12-309).

Thus, contrary to plaintiff's assertions, courts in this jurisdiction have held that claims filed under the DCHRA are subject to the notice provisions of the section 12-309. Because Plaintiff failed to provide notice pursuant to section 12-309, she cannot maintain her claims against this Defendant under the DCHRA.

     **B.**     **Plaintiff's Claims for Back Pay, Benefits and Attorney Fees Are Statutorily Barred.**

The phrase "liquidated damages" refers only to damages that are definite and agreed upon by both parties. *See, e.g., Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, *357* (1961) ("the determination of the amount in controversy is exceedingly simple, *e. g.,* liquidated damages"); *Western Union Tel. Co. v. Nester, 309* U.S. *582, 587-588* (1940) (referring to "liquidated damages" as "a definite liability"); *Illinois Surety Co. v. John Davis Co.,* 244 U.S. *376, 382* (1917) ("the claims were all for liquidated amounts; and in no instance was the amount in dispute"); *Southern P. R. Co. v. United States,* 228 U.S. 618, 631 (1913) (referring to the "definite nature and liquidated character of the obligation ... to pay"). In any case in which the amount of damages can reasonably be disputed by one of the parties, the damages simply cannot be deemed "liquidated," and a party cannot escape the strict requirements of § 12-309.

In support of her argument that she is allowed to pursue back pay, benefits and attorney fees, Plaintiffs rely upon the holding in *Chisolm v. District of Columbia,* 533 F.Supp.2d 175 (D.D.C. 2008). The *Chisolm* Court, relied upon *Beeton v. District of Columbia,* 779 A.2d 918 (D.C. 2001), in making its determination that plaintiff could seek back pay and benefits and other easily ascertainable damages. However, the *Beeton* Court did not discuss whether back pay was considered to be liquidated damages. Despite the *Chisholm* Court acknowledgement that unliquidated damages are not "'an easily ascertainable sum certain'," it found that to the

extent that the plaintiff sustained such "easily ascertainable" damages as a result of her allegedly wrongful termination, that claim was not barred by section 12-309. *Id.* (quoting Hartford Accident & Indem. Co. v. District of Columbia, 441 A.2d 969, 974 (D.C. 1982)) (additional citation omitted).

The District submits that back pay, benefits and attorney fees are not easily ascertainable sums certain. In fact, in *National Labor Relations Board v. Deena Artware, Inc.,* 198 F.2d 645 (6th Cir. 1952), the Court sustained the petition of the National Labor Relations Board for enforcement of its order to reinstate certain employees alleged to have been discriminatorily discharged, and to make them whole for lack of pay suffered by reason of such discharge. Certiorari was thereafter denied by the Supreme Court. *See* 345 U.S. 906 (1953). The Court reasoned that the amount due the employees was unliquidated and depended upon several unknown factors which would have to be determined by further proceedings before the Board. According to the Court, the back pay claims of discharged employees are unliquidated because although the legal basis of liability had been determined, actual liability to any individual employee had not yet been established. *See also, In re Eagle Bus Mfg, Inc.,* 158 B.R. 421 (S.D. Tx. 1993) (holding that a claim representing a possible back pay, benefits and interest liability based on a future, contingent NLRB award against Greyhound was illiquid and, therefore, had to be converted to a dollar amount strictly for the purposes of bankruptcy proceedings). Just as in *Deena Artware* and *In re Eagle Bus Mfg,* Plaintiff's claim for back pay, benefits and attorney fees are not agreed upon by the parties, but are instead unliquidated damages. Therefore, § 12-309 precludes Plaintiff from pursuing those remedies under the DCHRA.

C.  **Plaintiff Failed to Provide the District with Any Notice in Accordance with D.C. Official Code § 12-309.**

Plaintiff argues that since she filed two complaints of discrimination, alleging the same acts of discrimination against the Department of Youth and Rehabilitative Services, as in the instant matter, with OHR, she has complied with the notice provision of § 12-309. *See* Opposition at pages 11 through 17. The District of Columbia case law has firmly established that because § 12-309 is a derogation of the common law principle of sovereign immunity, it is to be narrowly construed against claimants. Thus, Plaintiff's filing of complaints with the OHR does not comport with the notice requirements of § 12-309, as they are not akin to police reports.

In *Doe by Fein v. District of Columbia*, 697 A.2d 23, 28 (D.C. 1997) the court held:

> [s]ection 12-309 makes it clear that police reports are the only acceptable alternatives to formal notice. The court is not free to go beyond the express language of the statue and authorize additional documents to meet this requirement.

Plaintiff avers that because OHR investigated her claims, the District is on notice of her claim. See Opp. at page 19. The requirements of § 12-309 are mandatory, and must be strictly construed. Any claimed investigation by OHR simply is not sufficient to meet the mandatory notice requirements of § 12-309. *See, Jenkins v. District of Columbia* 379 A.2d 1177, 1178 (D.C. 1977) (the court rejected the argument that reports of the United States Attorney's Office or criminal trial proceedings should be treated the same as a police report for purposes of giving notice); *Campbell v. District of Columbia*, 568 A.2d 1076, 1079 (D.C. 1990) (the court refused to consider a fire department report as "equivalent" to a police report for the purpose of notice pursuant to § 12-309); and *Kennedy*, supra, 519 F. Supp 2d. at 58 (the court held that a complaint does not itself satisfy the notice requirements of 12-309). Just as a fire department report is not equivalent to a police report, neither is an OHR investigation and/or report equivalent to a police

report. Moreover, OHR's charge questionnaire fails for the same reason that Plaintiff's OHR filings do. It does not comply with the strict notice requirements of § 12-309.

As demonstrated by the relevant case law in this jurisdiction, police reports are the only acceptable alternative to the formal notice requirements of § 12-309. Therefore, Plaintiff's filings with the OHR do not meet the notice requirements nor do they serve as an acceptable alternative. Thus, as the Plaintiff has failed to file a formal notice pursuant to § 12-309 or an acceptable alternative as described by the statute, she cannot pursue her claims against the District under the DCRHA.

> **D.     The District Did Not Waive Its Notice Argument.**

Plaintiff incorrectly argues that the District has been litigating the plaintiff's DHCRA claim for four years and has waived its right to notice under section 12-309. In support of her argument, Plaintiff cites to *Sanders v. District of Columbia*, 2002 U.S. Dist. LEXIS 6818 (D.D.C. Apr. 12, 2002). In *Sanders*, the District filed a motion to reconsider the court's previous denial of its motion to dismiss the Plaintiff's action as barred by § 12-309. The *Sanders* Plaintiff opposed the District's motion alleging that the District had litigated the matter for over four (4) years and had thus waived its rights under 12-309. The Court agreed, holding that the notice requirement of 12-309 was not jurisdictional and that dismissal of an action based on § 12-309 was simply a penalty for non-compliance and thus waivable.

*Sanders* is clearly distinguishable from the instant matter. The *Sanders* case was filed in Court and was litigated for over four years before the District raised its 12-309 affirmative defense. *Id.* In this matter, Plaintiff brought a charge against the District at the administrative level. She did not sue the District until February 15, 2008. See Docket Entry #1. The District asserted its defense in its Answer filed on April 7, 2008, and within its Motion, also filed on

April 7, 2008. See Docket Entries ## 6 and 7. Therefore, contrary to Plaintiff's arguments, the District has not litigated this matter in this Court for 4 years, and has not waived its defense. Plaintiff has provided no authority for her argument that the District was required to raise its affirmative defense in an administrative procedure. See Opp., generally.

WHEREFORE, the District respectfully requests that the Court dismiss Plaintiff's DCHRA claims for failing to comply with § 12-309.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

/s/ Eric S. Glover
ERIC S. GLOVER [978841]
ZUBERI WILLIAMS[2]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

---

[2] Appearing under Rule 49(c)(4) of the District of Columbia Court of Appeals and LCvR 83.2.