UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ZINA D. HUNTER**,<br><br>       Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>       Defendant. | Civil Action No. 1:08-cv-256-RBW<br>Judge: Reggie B. Walton |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Parties hereby jointly move this Honorable Court for entry of the attached Protective Order. Much of the discovery that will be requested and/or disclosed in this case will be of a sensitive and/or confidential nature, and may be precluded from disclosure by the District of Columbia. The Parties have attached a memorandum of points and authorities in support of their motion.

September 2, 2008                         Respectfully submitted,

**WHITE & CASE** LLP

/s/ Dana E. Foster
Dana E. Foster (D.C. Bar No. 489007)
Christopher Macchiaroli (D.C. Bar No. 491825)
701 Thirteenth Street, N.W.
Washington, DC  20005
Tel.:  (202) 626-3600
Fax:  (202) 639-9355

*Counsel for Plaintiff Zina D. Hunter*

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

 


/s/ Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

/s/ Eric S. Glover
ERIC S. GLOVER [978815]
ZUBERI BAKARI WILLIAMS [980789]
Assistant Attorney Generals
Office of the Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
Tel.: (202) 442-9754; (202) 724-6650; (202) 727-6295
Fax:  (202) 727-3625

*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZINA D. HUNTER,<br><br>   Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>   Defendant. | Civil Action No. 1:08-cv-256-RBW<br>Judge: Reggie B. Walton |

**PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**

  WHEREAS, Plaintiff Zina D. Hunter has asserted claims for sexual harassment and retaliation against Defendant District of Columbia pursuant to the District of Columbia Human Rights Act, D.C. Official Code §§ 2-1401.01, *et seq.* and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(3); and

  WHEREAS, this case involves discovery of information that the parties consider confidential; and

  WHEREAS, the Parties, during the course of discovery, will be requesting various documents, including but not limited to personnel records and non-public investigation reports; and

  WHEREAS, the Parties are in, or may come into, possession of these records, which contain confidential information relating to an entity or individual who is not a party to this action; and

  WHEREAS, the Parties are willing to produce these records in unredacted form, except information as it relates to the date of birth, social security number, home address and home telephone number, medical information and life insurance information of government employees, but recognize the privacy issues associated with the release of these records; and

WHEREAS, pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure, the Court "may, on just terms, order that any party or person provide or permit discovery."

**IT IS HEREBY ORDERED on this ___ day of _____, 2008:**

1.  The Parties shall provide, subject to any objections or claims of privilege, to requesting counsel, or make available for inspection and copying to requesting counsel, any and all confidential records and documents which are responsive to a Party's discovery requests and which are otherwise discoverable.

2.  Counsel for each Party shall identify clearly all materials, which that Party asserts are confidential and subject to this protective order. Materials may be designated as CONFIDENTIAL by placing on or affixing to each page of the document containing such material (in such a manner as will not interfere with its legibility), the designation "CONFIDENTIAL."

3.  Information and documents produced hereunder shall be used, by counsel for the Parties, only as necessary to represent their clients' interests in this action and for no other purpose unless otherwise ordered by this Court or agreed to by opposing counsel(s) in writing. Moreover, confidential information and documents shall not be disclosed, discussed, shown, or revealed in any way by any counsel to any person other than members of his/her law firm or office, investigators, witnesses produced by the Parties only if there is a genuine need for the documents, and experts retained by the Parties, if any. Confidential information and documents shall be safeguarded to avoid unintentional disclosure by a person subject to this Protective Order. Each individual who is provided access to confidential information or documents produced hereunder, other than counsel of record for the Parties, must first execute a document in writing, stating that he or she has read this Order and agrees to abide by it. This includes

witnesses and any retained experts.  A copy of each such writing obtained by the Parties shall be retained by counsel during the pendency of the litigation.

  4. Personal information, such as home and business addresses and telephone numbers, dates of birth, social security numbers, medical information, life insurance information, *etc.*, relating to any minor or civilian shall not be disclosed by the District of Columbia.

  5. Nothing in this Order shall preclude any person from asserting, or prejudice any person who asserts, or be used against any person who asserts, the attorney-client privilege, a claim of work-product doctrine protection, or any other applicable privilege or protection as to any discovery material, including those discovery materials that have been inadvertently produced.

  6. Counsel for the parties shall promptly report any breach of the provisions of this Order to counsel for the opposing party.  Upon discovery of any breach, counsel for the party discovering the breach shall immediately take appropriate action to cure and mitigate the effects of the violation and retrieve any protected information that may have been disclosed to persons not covered by this Order.  The parties shall reasonably cooperate in determining the reasons for any such breach so as to prevent any similar breach in the future.  If the breach of this Order is not cured within two business days of discovery of the breach, any party may seek enforcement of this Order by the Court, as well as any other appropriate relief.  Notwithstanding a cure of the breach within two business days, any breach of this Order will entitle any party to seek any and all appropriate relief from the Court.  The parties may also apply to the Court for a modification of this Order at any time.  Furthermore, nothing stated herein shall constitute a prohibition or limitation on any party from utilizing or offering into evidence confidential information in open court at any hearing or at trial.

7. Nothing in this Order prevents any other party from challenging the disclosure of documents it believes are privileged and should not be disclosed.

8. Inadvertent disclosure of privileged information without the designation of "CONFIDENTIAL" does not waive the party's right to claim that the document is confidential.

9. When this proceeding has concluded (whether by judgment or settlement) and the time (if any) for an appeal or appeals has expired, the Parties shall, within 60 days thereafter, (1) either destroy or gather and return to respective counsel for the Parties all existing confidential information and documents produced hereunder, or (2) serve on counsel for each Party a letter signed by counsel, certifying that to the best of his/her knowledge and belief, all existing confidential information and documents produced hereunder have been destroyed.

**SO ORDERED.**

**Dated:**

_____
REGGIE B. WALTON
Judge, United States District Court