# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ZINA D. HUNTER,

               Plaintiff,

v.

DISTRICT OF COLUMBIA,

               Defendant.

Civil Action No. 1:08-cv-256-RBW
Judge: Reggie B. Walton

## MEMORANDUM IN SUPPORT OF THE PARTIES'
## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

In support of their Joint Motion for Entry of Protective Order, the Parties hereby state as follows:

1.      Plaintiff Zina Hunter filed a complaint against the Defendant District of Columbia (hereinafter "the District") alleging that she was the victim of sexual harassment and retaliation by her supervisors during her employment with the District of Columbia Department of Youth Rehabilitation Services ("DYRS") in violation of Title VII of the Civil Rights Act and the District of Columbia Human Rights Act (the "DCHRA"). Specifically, plaintiff claims that she was subjected to a hostile work environment (Counts I and II) and retaliated against for reporting sexual harassment (Counts III and IV). *See* Complaint generally.

2.      On February 5, 2008, the Plaintiff served the District with her First Set of Interrogatories and Requests for Production of Documents. *See* Plaintiff's Discovery Demands, attached hereto as Exhibit A. Enclosed in the Plaintiff's discovery demands were requests for the personnel files and information related to several District employees. *See* Plaintiff's Interrogatory Nos. 1, 3 and 15-17 and Request for Production of Documents Nos. 3 and 4. In its response to the said discovery demands, the District objected to plaintiff's discovery demands on

several grounds, including that said demands were precluded by D.C. Official Code §§ 1-613.01, 1-631.03, and D.C. Personnel Regulation at 31A District Personnel Manual (DPM) §§ 3105, 3112, and 3113.6.

3.    Because this is a discrimination case filed under Title VII and the DCHRA, Plaintiff is entitled to production of much of the requested information.  However, the District is precluded from disclosing that information absent a Court order or the consent of the employees for whom personnel files are sought.  The District does not have either and cannot voluntarily disclose the requested documents or information.

4.    The Parties now seek a protective order to govern the exchange of discovery, including the release of personnel files, in this action.

WHEREFORE, in view of above considerations and the arguments contained in this motion, the Parties request that the Court grant their motion for a protective order.

September 2, 2008                          Respectfully submitted,

                                        **WHITE & CASE**LLP

                                        /s/ Dana E. Foster
                                        Dana E. Foster (D.C. Bar No. 489007)
                                        Christopher Macchiaroli (D.C. Bar No. 491825)
                                        701 Thirteenth Street, N.W.
                                        Washington, DC  20005
                                        Tel.:  (202) 626-3600
                                        Fax:  (202) 639-9355

                                        *Counsel for Plaintiff Zina D. Hunter*

                                        PETER J. NICKLES
                                        Acting Attorney General for the District of Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General, D.C.
                                        Civil Litigation Division

                                        /s/ Patricia A. Jones
                                        PATRICIA A. JONES [428132]

Chief, General Litigation Sec. IV

/s/ Eric S. Glover
ERIC S. GLOVER [978815]
ZUBERI BAKARI WILLIAMS [980789]
Assistant Attorney Generals
Office of the Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
Tel.: (202) 442-9754; (202) 724-6650; (202) 727-6295
Fax:  (202) 727-3625

*Counsel for Defendant District of Columbia*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ZINA D. HUNTER**
2456 Elvans Road, S.E.
Washington, DC  20020,

**Plaintiff,**

v.

**DISTRICT OF COLUMBIA**
1350 Pennsylvania Avenue, N.W.
Washington, DC  20004,

**Defendant.**

Civil Action No. 1:08-cv-256-RBW
Judge:  Reggie B. Walton

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.2, and

30.4 of the Local Rules of the United States District Court for the District of Columbia, Plaintiff

Zina D. Hunter ("Plaintiff"), through her undersigned counsel, hereby requests that Defendant

District of Columbia (the "District") provide a full and accurate response to Plaintiff's First Set

of Interrogatories ("Interrogatories"), in writing and under oath within thirty (30) days from the

date of service.

For purposes of the Interrogatories, as well as your responses thereto, the following

definitions and instructions shall apply:

## DEFINITIONS

1.      "Plaintiff" or "Hunter" means Plaintiff Zina D. Hunter.

2.      "Defendant" or the "District" means Defendant District of Columbia, including
any municipal subdivisions, any official, employee, agent, or representative thereof, and any
other person or entity purporting to act on the District's behalf.  Third parties purporting to act on
the District's behalf are included within this definition.  Agencies included in this definition are,
but are not limited to:

  a. D.C. Department of Youth Rehabilitation Services ("DYRS"), and any
     predecessor or successor entities, any subdivisions thereto, including but not

limited to the Oak Hill Youth Center and the Superior Court At Risk Unit, and any official employee, agent, or representative thereof;

    b. D.C. Office of Human Rights ("OHR"), and any predecessor or successor entities, any official employee, agent, or representative thereof;

    c. D.C. Department of Corrections, and any predecessor or successor entities, any official employee, agent, or representative thereof;

    d. D.C. Office of the Attorney General, and any predecessor or successor entities, any official employee, agent, or representative thereof;

    e. D.C. Department of Employment Services, and any predecessor or successor entities, any official employee, agent, or representative thereof;

    f. Executive Office of the Mayor; and

    g. D.C. Office of Risk Management.

3.    "Oak Hill" means the Oak Hill Youth Center, a secure facility for both committed and securely detained youth located in Laurel, Maryland, on the grounds of the former Forest Haven facility. It is a subdivision of DYRS.

4.    "DYRS" means the D.C. Department of Youth Rehabilitation Services, and any predecessor or successor entities, any subdivisions thereto, including but not limited to Oak Hill and the Superior Court At Risk Unit, and any official employee, agent, or representative thereof.

5.    "CO" means Correctional Officer.

6.    "SCO" means Supervisory Correctional Officer.

7.    "You" or "your" means Defendant District of Columbia and its agents, attorneys, accountants, employees, representatives, and other persons acting, or who have acted, on its behalf.

8.    "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

9.    "Document" means the original and any non-identical copy of the original, of any recorded, written, printed, typed, electronic or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements, check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes,

manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, e-mails, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other information retrievable on storage systems (including computer generated reports and printouts) and other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing and all similar material.

10.     "Related to", "relate to", "relating to", and "refer to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, constituting, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

11.     "Including" means including, without limitation or in any way qualifying, limiting or restricting the foregoing.

12.     "Identify" means to state:  (i) its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it); (ii) the identity of each Person participating therein, who each such Person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said; and (iii) the identity of all documents summarizing, recording, reflecting, reporting or containing a reference to it.

13.     "Communication" includes, but is not limited to, all written or oral discussions, statements, conversations, memoranda, notations, letters, notices or any documents, whether or not you were a participant or had personal knowledge thereof.

14.     "Describe" means to set forth fully and unambiguously every fact relevant to a specific Interrogatory so as to make the answer to the Interrogatory fully responsive and unambiguous.

15.     "And," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories information that might otherwise be construed to be outside their scope.

16.     "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

17.     "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

18.     "Or" means "and/or" and is used in the inclusive sense.

19.    The plural of any word shall include the singular form of that word and vice versa.

## INSTRUCTIONS

A.    In answering these Interrogatories, all information within the custody, possession, or control of Defendant and its agents, employees, or attorneys must be provided. All requested information not subject to a valid objection that is known by, possessed by, or available to Defendant that appears in its records must be provided. Answers should not be limited to the personal knowledge of the Person verifying the answers and should include all information and knowledge which is imputed to Defendant. When a response is based on imputed knowledge or is made on information and belief, the source of the imputed knowledge or the information and belief should be identified. If the answer to any part of any Interrogatory is not presently known or available, furnish all information currently known or available.

B.    These Interrogatories are continuing in character to the extent set forth in Rule 26(e) of the Federal Rules of Civil Procedure, so as to require you to promptly provide supplemental answers if you obtain further, contradictory, or different information. Defendant is required to provide supplemental answers, in accordance with that Rule, within ten (10) days of obtaining or becoming aware of additional information pertaining to these Interrogatories.

C.    Each Interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any Interrogatory as fully as possible. The omission of any name, fact, or other item of information from an answer shall be deemed a representation that such name, fact or item is not known to you.

D.    If the answer to all or any part of an Interrogatory is not presently known by or available to you, include a statement to that effect, specifying the portion of the Interrogatory which cannot be completely answered.

E.    If Defendant is unable to answer these Interrogatories fully after exercising due diligence to secure the full information, it must answer to the fullest extent possible, specifying the reasons for its inability to answer the remainder and stating whatever information, knowledge, or belief it has concerning the unanswered portion.

F.    No answer is to be left blank. If the answer to an Interrogatory is none or unknown, the words "none" or "unknown" must be written and supplied in the answer.

G.    Whenever in these Interrogatories there is a request to identify a person, on the first occasion that such person is identified, set forth the following:

1.    person's full name;

2.    present or last known residence address;

3.    present or last known business address; and

4.    present position.

4

H.      When the term "identify" or "identification" is used in connection with the term "communication," you are to state, with respect to each such communication:

1.  the identity of the person or persons making or contributing in any substantive manner to its creation;

2.  the identity of the recipient and of any person or persons before whom it was made or who witnessed it or who have knowledge of it;

3.  an identification of all documents reflecting, comprising, referring, or relating to it;

4.  the nature, substance, and contents of the communication;

5.  the date and place of the communication; and

6.  the form of the communication (*e.g.* letter, conference, telephone conversation).

I.      To the extent that an Interrogatory calls for information broken down in more detail than is available, respond to the Interrogatory by providing all information responsive thereto, in whatever detail is available. A negative response to an Interrogatory will be understood to be a representation that you have no responsive information in any lesser detail.

J.      Where an individual Interrogatory calls for any answer that involves more than one part, each part of the answer shall be clearly set forth so as to be understandable.

K.      Unless otherwise indicated, all words are to be given their broadest meaning consistent with ordinary usage.

L.      If, in answering the Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

M.      If any information called for by any Interrogatory herein is withheld because you claim that such information is privileged, a written list is to be furnished identifying each such document for which the privilege is claimed together with the following information: (a) the date of the document; (b) the name of its author, authors, preparer(s), and an identification by employment and title of each such Person; (c) the name of each Person who was sent or furnished with the document, together with an identification of such Person; (d) a brief description of the document; (e) a statement of the basis for the claim of privilege; and (f) the paragraph of this request to which the document relates. In the case of privilege documents relating to meetings or to other conversations, all participants in the meeting or conversation are to be identified.

N.      To the extent that you believe that any of the Interrogatories are objectionable, answer so much of each Interrogatory as is, in your view, not objectionable and separately state the portion of each Interrogatory to which you object and the grounds for your objection.

O.      Additional instructions included with a specific Interrogatory do not supplant these general instructions.

P.     Unless indicated otherwise, the period covered by these Interrogatories is January 1, 2000 to the present.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please identify any and all Persons having knowledge of any facts relevant or material to the allegations in the Complaint, and with regard to each Person, identify the facts or factual areas in which that Person is knowledgeable; identify any affidavits, statements, photographs, reports, summaries, memoranda, or other documents you have obtained (or that anyone has obtained on your behalf) from such Persons relating to this action.

### INTERROGATORY NO. 2:

Please identify each Person you consulted or who provided information for the answers to these interrogatories on an interrogatory-by-interrogatory basis.

### INTERROGATORY NO. 3:

Please describe the circumstances surrounding and the reasons for Edward Cole's departure from Oak Hill.

### INTERROGATORY NO. 4:

Please identify all communications, whether verbal or written, relating to the District of Columbia Department of Employment Services' May 24, 2006 Determination that Plaintiff was "Not Discharged for Misconduct."

### INTERROGATORY NO. 5:

Please state the total number of Persons who were employed by Oak Hill throughout the relevant period, including both full- and part-time employees. Please provide detailed information as to the sex, race, and age of these employees. How many Persons are employed at Oak Hill at the present time?

### INTERROGATORY NO. 6:

Please list all female Oak Hill employees during the entire course of Edward Cole's employment at Oak Hill, including their current address and phone number.

### INTERROGATORY NO. 7:

Please list all female DYRS employees during the entire course of LaVern Evans's DYRS employment, including their current address and phone number.

**INTERROGATORY NO. 8**:

Please describe and identify the procedures for reviewing the job performance of an employee at Oak Hill and the criteria used when deciding promotions.

**INTERROGATORY NO. 9**:

Please describe the circumstances under which an SCO or a CO would be assigned to the shift commander position at Oak Hill. Include the following information in the response: (i) the Person(s) who decides which CO or SCO will be assigned to the shift commander position; (ii) the criteria used in making the assignment; (iii) the job responsibilities of a shift commander; and (iv) the qualifications necessary to assume the shift commander position.

**INTERROGATORY NO. 10**:

State and describe Oak Hill's policy with regard to sexual harassment during the relevant period. Include the following information in the response: (i) how the policy is/was developed, implemented, disseminated, and revised; and (ii) the scope, duration, and extent Oak Hill employees received information and training regarding the policy.

**INTERROGATORY NO. 11**:

Please identify the Person(s) designated as responsible for receiving complaints of or reporting on sexual harassment at Oak Hill from January 2000 to the present. Identify and describe the procedures utilized to investigate charges of sexual harassment at Oak Hill.

**INTERROGATORY NO. 12**:

Please state the circumstances surrounding Plaintiff's discharge from Oak Hill. Include the following information in the response: (i) the name, title, and gender of the Person(s) who recommended her discharge; (ii) the reason(s) for the recommendation; (iii) the name, title, and gender of the Person(s) who made the final decision on Plaintiff's discharge; and (iv) the reason(s) why Plaintiff was discharged.

**INTERROGATORY NO. 13**:

Please identify all transfers, reassignments, or changes in the duties and responsibilities of Plaintiff while employed by you, the purpose(s) for those changes, and the individuals who recommended and/or approved those changes.

**INTERROGATORY NO. 14**:

Please explain the discharge policies in effect at Oak Hill during the relevant period.

**INTERROGATORY NO. 15**:

Please list all employees, including their name, title, and gender, who committed the same or substantially-similar offense(s) that Plaintiff allegedly committed and the disciplinary action taken against them.

**INTERROGATORY NO. 16**:

Please list all employees discharged from Oak Hill during the relevant period. For each employee listed, include the employee's name, title, reason for and date of discharge, and gender.

**INTERROGATORY NO. 17**:

Has any applicant or employee, complained or charged, either orally or in writing, internally or externally, officially or unofficially, either resulting in a formal complaint or not, that any employee of Oak Hill engaged in sexual harassment in connection with the employee's employment relationship? If so, provide the following information for each:

a.  Name, position, and department of complainant;

b.  Name and position of each Person receiving the complaint and the date of the receipt of the complaint;

c.  Name and position of each Person whose conduct was the subject of the complaint;

d.  A detailed description of the relationship between the alleged harasser and Oak Hill and/or DYRS;

e.  A detailed account of the conduct which was the subject of the complaint, including the date(s) and specific location(s) where the alleged harassing conduct took place;

f.  An explanation of the action(s) taken to resolve the complaint, both with respect to the alleged harasser and the complainant;

g.  The name and sex of each witness to the event(s) alleged which served as a basis for the sexual harassment complaint;

h.  A description of each disciplinary/discharge action taken against the complainant, including but not limited to, the date and nature of each action; and

i.  A description of the terms of each settlement of any complaint responsive to this Interrogatory, including the identification of any specific relief afforded to the aggrieved party and the amount of any monetary compensation.

**INTERROGATORY NO. 18**:

Please describe the procedure for maintaining the records of all investigations regarding claims for sexual harassment at Oak Hill.

**INTERROGATORY NO. 19**:

Please describe the obligations to report sexual harassment complaints to any Person or agency outside DYRS.

**INTERROGATORY NO. 20**:

Please list all locations at Oak Hill where Oak Hill's sexual harassment policy was posted (*i.e.*, on bulletin boards) during the relevant period.

**INTERROGATORY NO. 21**:

If you contend that during the relevant period LaVern Evans received a number of complaints from both line and management staff that Plaintiff did not dress properly or appropriately, identify all communications supporting that contention, including the identification of the Person(s) making the communications and all Persons present when the communications were made.

**INTERROGATORY NO. 22:**

Identify the name, title, address, and telephone number of every Person that you or DYRS had contact with when preparing responses to OHR investigation Charge nos. 04-410-DC (CN) and 05-320-DC (CN).


Dated:  April 29, 2008                              WHITE & CASE LLP

                                                    Dana E. Foster (D.C. Bar No. 489007)
                                                    Christopher Macchiaroli (D.C. Bar No. 491825)
                                                    701 Thirteenth Street, N.W.
                                                    Washington, DC  20005
                                                    Tel.:  (202) 626-3600
                                                    Fax:  (202) 639-9355

                                                    *Counsel for Plaintiff Zina D. Hunter*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2008, I caused to be served a true and correct copy of

"Plaintiff's First Set Of Interrogatories" by hand delivery upon:

> Eric S. Glover, Esq.
> Assistant Attorney General
> Office of the Attorney General
> 441 Fourth Street, N.W., Suite 6N04
> Washington, D.C. 20001

> *Counsel for Defendant District of Columbia*

> _____
> Dana E. Foster

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ZINA D. HUNTER**
2456 Elvans Road, S.E.
Washington, DC 20020,

**Plaintiff,**

v.

**DISTRICT OF COLUMBIA**
1350 Pennsylvania Avenue, N.W.
Washington, DC 20004,

**Defendant.**

**Civil Action No. 1:08-cv-256-RBW**
**Judge: Reggie B. Walton**

## PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.2, and

30.4 of the Local Rules of the United States District Court for the District of Columbia, Plaintiff

Zina D. Hunter ("Plaintiff"), through her undersigned counsel, hereby requests that Defendant

District of Columbia (the "District") produce for inspection, examination, and copying any and

all documents specified herein within its possession, custody or control, in accordance with the

instructions set out below, at the offices of White & Case LLP, 701 Thirteenth Street, N.W.,

Washington, DC 20005, within thirty (30) days after the service of this First Request for

Production of Documents (the "Requests").

For purposes of the Requests, as well as your responses thereto, the following definitions

and instructions shall apply:

### DEFINITIONS

1.      "Plaintiff" or means Plaintiff Zina D. Hunter.

2.      "Defendant" or the "District" means Defendant District of Columbia, including
any municipal subdivisions, any official, employee, agent, or representative thereof, and any
other person or entity purporting to act on the District's behalf.  Third parties purporting to act on

the District's behalf are included within this definition.  Agencies included in this definition are, but are not limited to:

      a.  D.C. Department of Youth Rehabilitation Services ("DYRS"), and any predecessor or successor entities, any subdivisions thereto, including but not limited to the Oak Hill Youth Center and the Superior Court At Risk Unit, and any official employee, agent, or representative thereof;

      b.  D.C. Office of Human Rights ("OHR"), and any predecessor or successor entities, any official employee, agent, or representative thereof;

      c.  D.C. Department of Corrections, and any predecessor or successor entities, any official employee, agent, or representative thereof;

      d.  D.C. Office of the Attorney General, and any predecessor or successor entities, any official employee, agent, or representative thereof;

      e.  D.C. Department of Employment Services, and any predecessor or successor entities, any official employee, agent, or representative thereof;

      f.  Executive Office of the Mayor; and

      g.  D.C. Office of Risk Management.

3.    "Oak Hill" means the Oak Hill Youth Center, a secure facility for both committed and securely detained youth located in Laurel, Maryland, on the grounds of the former Forest Haven facility.  It is a subdivision of the D.C. Department of Youth Rehabilitation Services.

4.    "DYRS" means the D.C. Department of Youth Rehabilitation Services, and any predecessor or successor entities, any subdivisions thereto, including but not limited to Oak Hill and the Superior Court At Risk Unit, and any official employee, agent, or representative thereof.

5.    "CO" means Correctional Officer.

6.    "SCO" means Supervisory Correctional Officer.

7.    "You" or "your" means Defendant District of Columbia, its agents, attorneys, accountants, employees, representatives, and other persons acting, or who have acted, on its behalf.

8.    "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

9.    "Document" means the original and any non-identical copy of the original, of any recorded, written, printed, typed, electronic or other graphic material of any kind, variety, type, or character, wherever located, including by way of example but not limited to, the following: books, records, contracts, agreements, promissory notes, invoices, orders, loan agreements, bills, installment contracts, mortgages, deeds of trust, security agreements, certificates of title, handwritten notes, financing statements, instruments, expense accounts, canceled checks, bank statements, bank books, receipt and disbursement journals, tax returns, financial statements,

check stubs, resumes, medical records, address books, appointment books, telephone logs, worksheets, pictures, income statements, profit and loss statements, deposit slips, credit card receipts, records and notations of telephone or personal conversations, conferences, telexes, partnership agreements, articles of incorporation, catalogue price lists, sound, tape and video recordings, memoranda (including written memoranda of telephone activities), minutes, manuals, diaries, calendars or desk pads, scrapbooks, notebooks, correspondence, bulletins, circulars, policies, forms, pamphlets, notices, statements, journals, postcards, letters, telegrams, reports, interoffice communications, photostats, microfilm, microfiche, maps, e-mails, deposition transcripts, pleadings, orders, drawings, blueprints, photographs, negatives, and other data, information, or statistics contained within any data storage modules, tapes, discs, or any other information retrievable on storage systems (including computer generated reports and printouts) and other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing and all similar material.

10.    "Related to", "relate to", "relating to", and "refer to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, constituting, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

11.    "Including" means including, without limitation or in any way qualifying, limiting or restricting the foregoing.

12.    "Identify" means to state:  (i) its date and place of occurrence (or, if a telephone call is involved, so state and provide the location of all parties to such telephone call and identify the person who initiated it); (ii) the identity of each Person participating therein, who each such Person participating therein represented or purported to represent, the nature and subject matter of any circumstances surrounding it, and the substance of what transpired or was said; and (iii) the identity of all documents summarizing, recording, reflecting, reporting or containing a reference to it.

13.    "Communication" includes, but is not limited to, all written or oral discussions, statements, conversations, memoranda, notations, letters, notices or any documents, whether or not you were a participant or had personal knowledge thereof.

14.    "Describe" means to set forth fully and unambiguously every fact relevant to a specific Request so as to make the answer to the Request fully responsive and unambiguous.

15.    "And," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests information that might otherwise be construed to be outside their scope.

16.    "Each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

17.    "Any" shall be construed to include the word "all," and "all" shall be construed to include the word "any."

3

18.    "Or" means "and/or" and is used in the inclusive sense.

19.    The plural of any word shall include the singular form of that word and vice versa.

## INSTRUCTIONS

A.    The documents to be produced shall be produced in any original file folders or as they are kept in the usual course of business and shall be sent to the offices of White & Case LLP, c/o Dana E. Foster, Esq., 701 Thirteenth Street, N.W., Washington, DC 20005. Emails and any attachments should be produced in a readable and searchable electronic format as maintained on your computer system or other electronic storage.

B.    In the event that any document called for by this request is withheld on the basis of a claim of privilege, set forth for each document withheld the following:

1.    a description of the factual and legal basis for the claim of privilege or objection in sufficient detail so as to permit the court to adjudicate the validity of the claim or objection;

2.    a general description of the document including its size, length, form and subject matter;

3.    the names and addresses of the person or persons involved in the creation of the document;

4.    the names and addresses of all persons who have had access to the document from the time of its creation to the present;

5.    the date on which the document was created; and

6.    the names and addresses of the present custodian of the document, and the names and addresses of all persons who have received copies, summaries or explanations of the document.

C.    In the event that any document called for by this request has been destroyed, or discarded, or has otherwise left your possession, custody and control, set forth for each document the following:

1.    a general description of the document including its size, length, form and subject matter;

2.    the names and addresses of the person or persons involved in the creation of the document;

3.    the names and addresses of all persons who have had access to the document from the time of its creation to the present;

4.    the date on which the document was created;

5.    the names and addresses of the present custodian of the document, and the names and addresses of all persons who have received copies, summaries or explanations of the document;

6. the date of destruction or discard, the manner of destruction or discard, and the reasons for destruction or discard; and

7. the names and addresses of persons authorizing and carrying out the destruction or discard of the document.

D.    If a document has been prepared and several copies or additional copies have been made and the copies are not identical, each non-identical copy is a separate document.

E.    Please identify the request(s) in response to which a document has been produced. If there are no responsive documents to a particular request, please indicate as such.

F.    Documents are to be produced in full and in their unexpurgated form.

G.    These Requests are continuing in character to the extent set forth in Rule 26(e) of the Federal Rules of Civil Procedure, so as to require prompt supplementary production and response when Defendant or its counsel, representatives, agents, investigators or employees obtain access, custody, possession, or control of any documents not previously produced which are responsive to these Requests. Defendant is required to provide supplemental production, in accordance with that Rule, within ten (10) days of obtaining or becoming aware of additional documents pertaining to these Requests.

H.    Additional instructions included with a specific Request do not supplant these general instructions.

I.    Unless indicated otherwise, the period covered by these Requests is January 1, 2000 to the present.

## REQUESTS

### REQUEST NO. 1:

Please produce all documents identified, relied upon, or referred to in response to Plaintiff's First Set of Interrogatories, as well as any subsequent interrogatories served upon the District by the Plaintiff.

### REQUEST NO. 2:

Please produce all organizational charts, statements, and/or documents which describe the structure of DYRS, Oak Hill, and the Superior Court At Risk Unit.

### REQUEST NO. 3:

Please produce the entire personnel file, including but not limited to all performance evaluations, disciplinary records, attendance records, timesheets, employment logs, and any and all other documents in your possession pertaining to the following:

a.  Zina D. Hunter

b.  Edward Cole

    c.  LaVern Evans

    d.  Nathaniel Williams

**REQUEST NO. 4**:

Please produce all documents referring or relating to complaints of sexual harassment by employees of DYRS, including but not limited to Oak Hill and the Superior Court At Risk Unit.

**REQUEST NO. 5**:

Please produce all documents filed with OHR, the U.S. Equal Opportunity Employment Commission, or any federal or state court concerning or relating to harassment claims against DYRS, or any predecessor or successor entities, any subdivisions thereto, including but not limited to Oak Hill and the Superior Court At Risk Unit, or any official employee, agent, or representative thereof.

**REQUEST NO. 6**:

Please produce all documents which state, describe, reference, and/or relate to Oak Hill's sexual harassment policy, including but not limited to its creation, implementation, dissemination, and revision. If Oak Hill's sexual harassment policy changed during the relevant period, produce any and all iterations of that policy.

**REQUEST NO. 7**:

Please produce all documents relating to the training of Oak Hill employees regarding DYRS's sexual harassment policy, including, but not limited to all documents provided to employees as part of that training, attendance sheets for the training, evaluations by attendees at the training session, and documents sufficient to identify the Person(s) who conducted the training.

**REQUEST NO. 8**:

Please produce all documents relating to the investigation, if any, of Plaintiff's charges of sexual harassment while employed at Oak Hill.

**REQUEST NO. 9**:

Please produce all documents sufficient to identify the duties and responsibilities of COs and SCOs, including, but not limited to: (i) the qualifications for each position; (ii) the criteria for transfer or re-assignment between facilities; (iii) the pay scale between titles; (iv) whether COs were temporarily assigned to SCO positions; and (v) any changes to the duties and responsibilities of the respective positions during the relevant period.

**REQUEST NO. 10**:

Please produce any and all guidelines, procedures, manuals or any other materials which supervisors at Oak Hill consult when deciding to re-assign COs and SCOs. Produce all documents concerning instances in which an SCO was re-assigned when the re-assignment was not based on a promotion.

**REQUEST NO. 11**:

Please produce all documents relating to the rules and regulations governing the conduct of DYRS, Oak Hill, and Superior Court At Risk Unit employees, including, but not limited to, employee handbooks and manuals, informal and formal guidelines, bulletins, and office memoranda.

**REQUEST NO. 12**:

Please produce copies of any and all discharge policies during the relevant period.

**REQUEST NO. 13**:

Please produce all documents that formed the basis for your decision to terminate Plaintiff's employment.

**REQUEST NO. 14**:

Please produce all documents relating to complaints by employees, inhabitants, and visitors of Oak Hill as to the conduct of Plaintiff during her employment at Oak Hill.

**REQUEST NO. 15**:

Please produce all documents supporting the claim that Plaintiff was terminated as a result of ongoing performance and behavioral issues, including any evaluation or investigation report or documents relating to Plaintiff's discharge.

**REQUEST NO. 16**:

Please produce all documents supporting the claim that Plaintiff's transfer to the Superior Court At Risk Unit was due to the combination of agency staffing pressures and Plaintiff's work performance at Oak Hill.

**REQUEST NO. 17**:

Please produce all documents supporting the claim that Plaintiff was terminated after it was discovered that Oak Hill residents were going to school not wearing underwear, that Plaintiff was stockpiling underwear and other supplies, and that she had misappropriated government resources while neglecting the children at Oak Hill.

**REQUEST NO. 18**:

Please produce all documents you provided to OHR in connection with Charge nos. 04-410-DC (CN) and 05-320-DC (CN).

**REQUEST NO. 19**:

Please produce all documents that identify the pay scale, leave policy, and financial and in-kind benefits provided to SCOs during the relevant period.

Dated:  April 29, 2008

WHITE & CASE LLP

Dana E. Foster (D.C. Bar No. 489007)
Christopher Macchiaroli (D.C. Bar No. 491825)
701 Thirteenth Street, N.W.
Washington, DC  20005
Tel.:  (202) 626-3600
Fax:  (202) 639-9355

*Counsel for Plaintiff Zina D. Hunter*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2008, I caused to be served a true and correct copy of

"Plaintiff's First Set Of Document Requests" by hand delivery upon:

Eric S. Glover, Esq.
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 6N04
Washington, D.C. 20001

*Counsel for Defendant District of Columbia*

Dana E. Foster